ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

BY:    SHERLE R. FLAGGMAN (019079)
       MAXINE S. MAK (031158)
       Deputy County Attorneys
       flaggmas@mcao.maricopa.gov
       makm@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 W. Madison
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4317
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendant Penzone

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jose Rodriguez<br><br>              Plaintiff,<br><br>     v.<br><br>Jeri Williams, et al.,<br><br>              Defendants. | No. CV-20-00344-PHX-DLR (JFM)<br><br>**DEFENDANT PENZONE'S <u>REPLY IN SUPPORT OF</u> MOTION TO DISMISS** |

  Defendant Penzone replies in support of his Motion to dismiss Plaintiff's First Amended Complaint.

  1. Plaintiff's Response fails to acknowledge that *Baker* applies and that his claims must be evaluated pursuant to the Fourteenth Amendment. In *Baker*, Linne McCollan was arrested and detained on a warrant intended for his brother, Leonard McCollan. Linne filed a § 1983 lawsuit after he was wrongfully arrested and detained in jail for three days for a crime committed by Leonard; he alleged violation of his Fourteenth Amendment rights

because the sheriff failed to investigate and determine that the wrong person had been arrested and incarcerated. Linnie claimed, just as our Plaintiff claims, that despite his protests of mistaken identity, he was improperly held for three days until the validity of his protests was ascertained.[1] Rejecting Linnie's claims, the Supreme Court explained

> Whatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution. Respondent was indeed deprived of his liberty for a period of days, but it was pursuant to a warrant conforming, for purposes of our decision, to the requirements of the Fourth Amendment. Obviously, one in respondent's position could not be detained indefinitely in the face of repeated protests of innocence even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment.

*Baker*, 443 U.S. at 144. And,

> Respondent's innocence of the charge contained in the warrant, while relevant to a tort claim of false imprisonment in most if not all jurisdictions, is largely irrelevant to his claim of deprivation of liberty without due process of law. The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person."

443 U.S. at 145 (internal citations omitted).  Further,

> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers—all of whom may be potential defendants in a § 1983 action—is entirely consistent with "due process of law." Given the requirements that arrest be made only

---

[1] Rodriguez was held for ten days.

2

> on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

443 U.S. at 145–46.  Finally,

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles. Just as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.

443 U.S. at 146 (internal citations omitted).

To the extent that Plaintiff argues that the *Garcia* case[2] is controlling, Plaintiff errs because a circuit court is bound to follow a controlling Supreme Court precedent until it is explicitly overruled. *Nunez-Reyes v. Holder*, 646 F.3d 684, 692 (9th Cir. 2011) *See also Agostini v. Felton, 521 U.S. 203, 237 (1997)* ("[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.")

Plaintiff's Response fails to establish that he has successfully stated a claim for relief arising under the Fourth Amendment and all such claims must be dismissed.

2. The Fourth Amendment no longer applies after an arrest based on probable cause has been completed; the Fourteenth Amendment exclusively controls after probable cause

---

[2] *See infra* establishing that the *Garcia* case cited by Plaintiff has been superseded.

3

to arrest has been satisfactorily determined. Plaintiff cites *Lee v City of Los Angeles*, 250 F.3d 668 (9th Cir. 2000) to support his claim that the Fourth Amendment controls, but *Lee* is inapposite. In *Lee*, the complaint had alleged that the plaintiff's mistaken identity was apparent from the face of the warrants on which the plaintiff was detained. The Court was thus required to assume the absence of probable cause for the arrest and that "the two warrants [on which the plaintiff was detained] facially revealed that the subjects of the warrants were different people. *Lee,* 250 F.3d at 684-685. Thus, to the extent *Lee* analyzed plaintiff's detention under the Fourth Amendment, the Court's assumption flowed from its conclusion that there was never probable cause for plaintiff's arrest because, from the outset, plaintiff was never properly matched to the warrant. Here, where the mistaken identity of the detainee is not apparent from the face of the warrant and law enforcement personnel reasonably, albeit ultimately mistakenly, match a suspect to a warrant, the Fourth Amendment probable cause standard does not govern throughout the detainee's incarceration.

Analysis under the Fourteenth Amendment was relied upon in *Tatum v. Moody,* 768 F3d 806, 815 (9th Cir. 2014) where two police officers were accused of violating an arrestee's constitutional rights by withholding exculpatory evidence, the 9th Circuit held that the Plaintiff's claim was governed by the Fourteenth Amendment, *not*  the Fourth Amendment.

Although Plaintiff's Response cites *Rivera v. County of Los Angeles*, 7454 F.3d 384 (9th Cir. 2014), it is not clear why; citing *Baker,* the 9th Circuit held in *Rivera* "post-arrest incarceration is analyzed under the Fourteenth Amendment alone." 745 F.3d at 389–90.

Plaintiff's Fourth Amendment allegations fail to state a claim for relief, and they must be dismissed.

3. Plaintiff's Response fails to demonstrate that he has stated a claim for judicial deception. Every case cited by Plaintiff in support of his judicial deception theory arises in

4

the context of a false or deceptive affidavit being submitted to a judicial officer to obtain a warrant. The case at bar has nothing to do with procuring a warrant and judicial deception is inapposite.

In an attempt to manufacture a judicial deception claim, at 11:2 of his Response, Plaintiff creates from whole cloth an allegation that MCSO personnel affirmatively "advised the [initial appearance] judge that Plaintiff was the subject of the warrant." These allegations are not set forth in Plaintiff's First Amended Complaint and should not be accepted as true by the Court when deciding Defendant's Motion to Dismiss. The distinction between the allegations in Plaintiff's First Amended Complaint and this new claim is significant; at ¶ 123 of Doc. 24, Plaintiff alleges that MCSO "**failed to inform**" the Court that he was not the person named in the warrant. That is substantially different from the fictional misstatement in Plaintiff's Response brief that MCSO personnel made affirmative representations to the Court about Plaintiff's identity. Plaintiff's judicial deception theory simply has no applicability in the instant case and Defendant's Response will not devote further attention to this errant allegation. Plaintiff has failed to state a claim for judicial deception.

4. Plaintiff's Response fails to establish that he has stated a *Monell* claim. Defendant's Motion identifies several policies that the Sheriff had in place to identify/confirm the identity of an arrestee; Plaintiff's Response fails to meaningfully identify how his *Monell* theory survives in the face of such evidence. Instead, Plaintiff argues that the Court should not consider the Sheriff's policies/the exhibit to his Motion because, in his mind, the First Amended Complaint, Doc. 24, does not reference policies. This is an astounding claim given that the bulk of the First Amended Complaint laments the absence of appropriate intake identification-confirming policies. It would defy logic to conclude that Plaintiff has not referenced policies in his First Amended Complaint in such

a way as to allow the Court to consider the Sheriff's policies.[3] Rather than withdrawing his *Monell* theories and concentrating on whether the Sheriff's existing policies were followed in the course of his booking, Plaintiff dissects his First Amended Complaint and asks the Court to engage in a futile analysis of whether, or in what words, he pled the subject of policies. The Court should not follow Plaintiff's trip down this rabbit hole. Rather, the Court may consider the policies provided by Defendant in its analysis and decision of the Motion to Dismiss.

Finally, in an effort to demonstrate the absence of intake policies, Plaintiff asserts at 12:27 of his Response that MCSO personnel laughed at him when he proclaimed his innocence. Even if true, and Defendant makes no such concession, laughter does not establish the lack of a policy nor does it state a claim under *Monell*.

Plaintiff has failed to state a *Monell* claim and the allegations must be dismissed.

5. Plaintiff's Response fails to establish that he has stated a claim for failure to train. While his Response argues at p. 13 that he has stated a claim for deliberate indifference in Count Nineteen of his First Amended Complaint, Plaintiff fails to address that his First Amended Complaint does not plead the elements of a failure to train claim. The elements of a claim for failure to train are specific and are set forth in Defendant's Motion to Dismiss. Plaintiff's First Amended Complaint does not include the requisite allegations. Plaintiff has failed to state a claim for failure to train and Count Nineteen of his First Amended Complaint must be dismissed.

6. The Coconino County warrant, although intended for a person other than Plaintiff, was facially valid; because Plaintiff was charged under the valid Coconino County warrant,

---

[3] Curiously, without citations to precedent, and in an obvious contradiction to his claim that the Court cannot consider these policies, Plaintiff asserts at page 7, n. 2 of his Response that the Court must accept as true "evidence provided by the Phoenix Police Department" and information contained in the City of Phoenix's Answer to Plaintiff's First Amended Complaint. The evidence and pleadings supplied by the City of Phoenix have no bearing on the Court's consideration of and ruling on the Sheriff's Motion to Dismiss and those materials may not be considered by the Court.

he was not falsely imprisoned. Plaintiff's Response fails to establish otherwise. In *Torrez v Knowlton*, 205 Ariz. 550, 555, ¶ 19 (App. 2003), Plaintiff was arrested on a warrant that had been earlier quashed, albeit unbeknownst to the arresting officer. Upholding summary judgment for the sheriff and arresting deputy on Plaintiff's false arrest claim, the Arizona Court of Appeals endorsed that "the law protects its officers in the performance of their duties, if there is no defect or want of jurisdiction apparent on the face of the writ or warrant under which they act." And, citing to *Prosser and Keeton on the Law of Torts,* § 17, at 111 (5th Ed 1984) the court agreed "burden of mistake placed on person arrested on facially valid warrant because socially necessary that officers have leeway to make arrests." *Torrez,* 205 Ariz. at 555. Further, the court approved the decision in *Scott v. District of Columbia,* 493 A.2d 319 (D.C.1985) which concluded that an arresting was "not liable for false arrest or false imprisonment after making arrest based on law enforcement computer printout that, on its face, reflected valid warrant, **although invalid because warrant had been issued for wrong person**." 205 Ariz. at 555, ¶ 19 (emphasis added). Finally, adopting the Restatement (Second) of Torts § 124, the court explained that

> If a warrant, although in fact invalid for any reason, is in regular form and contains every required recital of fact, and if the facts stated, if true, would authorize the court to issue it, and if there is nothing stated or omitted to indicate that the proceedings necessary to its proper issuance have not been duly taken, the person designated to serve it is privileged to arrest under it even though, because of facts not stated in it, the warrant is invalid.

205 Ariz. at 554.

*See also Slade v. City of Phoenix,* 112 Ariz. 298, 300(1975) holding that a detention pursuant to a valid warrant is lawful, even if the warrant was procured without probable cause. And *Rahn v. City of Scottsdale*, 1 CA-CV 15-0767, 2016 WL 7508085, at *2 (App. Dec. 30, 2016) ("an officer is not liable for wrongful arrest if he had probable cause to make the arrest. Because a claim for wrongful arrest turns on the validity of the arrest, and "not

on the validity of each individual charge made during the course of the arrest," if there is probable cause supporting any of the charges, the claim fails.") (internal citations omitted).

In sum, Plaintiff's Response fails to demonstrate that he has stated a claim for false imprisonment. Therefore, Plaintiff has failed to state a r*espondeat superior c*laim against Sheriff Penzone for the alleged tortious Acts of the MCSO officers and the claims must be dismissed.

7. Plaintiff has failed to state a claim for negligence or gross negligence and his Response fails to demonstrate that the Sheriff or his deputies owe a duty to investigate a pretrial detainee's claims of innocence. Plaintiff asks this Court at 17:19 of his Response to "infer" from A.R.S.§ 31-121 that the Sheriff has a duty to insure that he is not incarcerating persons who have not been committed to jail by competent authority. The Court cannot engage in such inference or speculation, however.  Nothing in A.R.S. § 31-121 establishes the duty Plaintiff suggests. Nothing in A.R.S. § 31-121 requires the sheriff to investigate a detainee's claims of innocence or to house only the guilty. Under the principles of statutory construction, "when a statute is clear, [courts] do not 'resort to other methods of statutory interpretation to determine the legislature's intent because its intent is readily discernible from the face of the statute.'" *State v. Christian*, 205 Ariz. 64, 66 ¶ 6, 66 P.3d 1241, 1243 (2003). Nothing cited in Plaintiff's Response establishes that the Sheriff's personnel had a duty to investigate Plaintiff's alleged claims of innocence. Accordingly, Plaintiff has failed to state a claim for negligence or gross negligence and his *respondeat superior* claims against the Sheriff must be dismissed.

Finally, Plaintiff's citation to *Garcia v County of Riverside*, 811 F.3d 1220 (2016) is inapposite; that decision was amended and superseded on denial of hearing at 817 F.3d 635 (9th Cir. 2016). Substantively, however, the *Garcia* case, which arose in California, does not establish that the Sheriff's officers owed a duty under Arizona tort law to investigate an Arizona detainee's claims of innocence. *Garcia* was a due process case, not a state law tort

case. "[I]ncarceration on a warrant without a reasonable investigation of identity, when the circumstances demand it, is subject to review under the Due Process Clause." 817 F.3d at 641. While Mr. Garcia included California state-law claims in his lawsuit against the sheriff, the 9th Circuit did not reach a conclusion on the merits of the California-tort claims; rather, the court rejected the defendants' claims of immunity and held that whether the defendants acted reasonably "is a question that must be determined in this litigation assessing the boundaries of due process." 817 F.3d at 645.

In sum, Plaintiff's Response does not establish that his First Amended Complaint states a claim for negligence or gross negligence. Therefore, the Sheriff cannot be held vicariously liable such claims and they must be dismissed.

**Conclusion** Plaintiff's First Amended Complaint fails to state a claim for relief against Sheriff Penzone under federal or state law. Accordingly, Sheriff Penzone should be dismissed from this action.

**RESPECTFULLY SUBMITTED** this 27th day of July 2020.

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

By /s/ Sherle R. Flaggman
   SHERLE R. FLAGGMAN
   MAXINE S. MAK
   Deputy County Attorneys
   *Attorneys for Defendant Penzone*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Douglas L. Rayes
Sandra Day O'Connor U.S. Courthouse, Suite 626
401 West Washington Street, SPC 79
Phoenix, Arizona 85003-2162

Honorable James F. Metcalf
United States District Court
John M. Roll U.S. Courthouse
98 West 1st Street, Suite 2400
Yuma, AZ 85364

Wendy F. White, Esq.
Gary Perlmutter, Esq.
Southwest Center for Equal Justice
1124 Mountainaire Rd.
Flagstaff, AZ 86005
wendy.white@swcej.org
gary.pearlmutter@swcej.org
*Attorneys for Plaintiff*

Sally A. Odegard
HOLLOWAY ODEGARD & KELLY, P.C.
3020 E. Camelback Road, Suite 201
Phoenix, Arizona 85016
sodegard@hoklaw.com
*Attorneys for Defendant City of Phoenix.*
*Chief Williams, and Officers Fuller and Garcia*

Brian Y. Furuya
Aaron M. Lumpkin
COCONINO COUNTY ATTORNEY
110 E. Cherry Ave
Flagstaff, Arizona 86001
bfuruya@coconion.az.gov
alumpkin@coconino.az.gov
*Attorneys for Defendant Coconino County Sheriff Jim Driscoll*

/s/*J. Christiansen*
S:\CIVIL\CIV\Matters\CJ\2019\Rodriguez v. City of Phoenix, et al. CJ19-0216 MIDP\Pleadings\Reply MTD 07272020.docx